## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

WALTER EDWARD KOSTICH, JR.,⁣⁣⁣     )
                                   )
                  Petitioner,      )
                                   )
v.                                 )          **Case No. 12-CV-0065-CVE-PJC**
                                   )
TRACY MCCOLLUM, Warden,            )
                                   )
                  Respondent.      )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  By Opinion and Order filed January 5, 2015 (Dkt. # 57), the Court denied Petitioner's petition for writ of habeas corpus and denied a certificate of appealability.  Judgment (Dkt. # 58) was entered the same day.  On January 16, 2015, Petitioner filed a motion to alter or amend judgment (Dkt. # 59).  Petitioner also sought recusal of the undersigned.  Id. at 10.  By Order filed January 27, 2015 (Dkt. # 60), the Court denied Petitioner's Rule 59(e) motion and his request for recusal.  Petitioner appealed.  On August 3, 2015, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal (Dkt. # 86).

On December 17, 2015, Plaintiff filed four motions: "motion for Fed. R. Civ. P. Rule 60 et seq. relief" (Dkt. # 89); "motion to recuse Judge Claire V. Eagan Pursuant to 28 U.S.C. §§ 144, 453, 455 and recuse Judge Gregory K. Frizzell for conflict of interest, to rule on Petitioner's Rule 60 et seq. motion" (Dkt. # 90); "motion for a 28 U.S.C. § 1404(a) change of venue due to extraordinary circumstances unique to this case" (Dkt. # 91); and "motion for evidentuary [sic] hearing considering the peculiar enormity requiring extraordinary riger [sic] in the interest of justice in this case" (Dkt. # 92).  For the reasons discussed below, Petitioner's motions to recuse, to change venue,

and for evidentiary hearing shall be denied.  The Rule 60(b) motion shall be denied in part and dismissed without prejudice for lack of jurisdiction in part.

## A.  Motion to recuse

In support of his request for recusal of the undersigned, Petitioner cites 28 U.S.C. § 144 (providing that, when a party alleges that a judge is biased or prejudiced, he is required to file "a timely and sufficient affidavit" stating the facts and the reasons for the belief that bias or prejudice exists), § 453 (setting forth the oaths of justices and judges of the United States), and § 455 (setting forth circumstances requiring disqualification).  To disqualify a judge for impartiality under § 455(a), "a movant must show that a reasonable person, knowing all of the circumstances, would harbor doubts about the judge's impartiality. Rumor, speculation, and opinions are not sufficient." Cauthon v. Rogers, 116 F.3d 1334, 1336 (10th Cir. 1997) (citing Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997)); see also United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Furthermore, the movant must establish that the judge has a personal bias or prejudice.  Green, 108 F.3d at 1305.  Disqualification must be predicated "upon extrajudicial conduct rather than on judicial conduct," and upon "a personal bias 'as distinguished from judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" Green v. Nevers, 111 F.3d 1295, 1303-04 (6th Cir. 1997) (citations omitted).  Adverse rulings "cannot in themselves form the appropriate grounds for disqualification."  Green v. Dorrell, 969 F.2d 915, 919 (10th Cir. 1992).

In support of his request for recusal, Petitioner filed an affidavit (Dkt. # 90 at 10-12 (Ex. 1)), executed on December 9, 2015.  In his affidavit, Petitioner alleges that the undersigned harbors bias against him because "Mr. Tim Harris, Kostich's state prosecutor, his wife Patricia, and Thomas Woodward, Kostich's federal prosecutor, all worked for [the undersigned] under cover and color of

2

another case no."[1]  Id. at 11.  Petitioner further claims that the undersigned "refus[es] to due [sic] her duty and correct an unlawful conviction," and that "all [he] seeks is a court that will correctly apply the laws, leading to [his] release.  However [his] hopes for any relief will be trampled underfoot as long as Eagan has anything to do with it.  She should as justice requires be recused from [his] case and should be deterred from harassing [him] any further."  Id. at 12.

Petitioner's belief that Tim Harris, Patricia Harris, and Thomas Woodward "work for" the undersigned is based on a profound misunderstanding of the federal system of government. Woodward is an Assistant United States Attorney for the Northern District of Oklahoma, an office that is part of the Department of Justice, within the Executive Branch of the federal government. To the extent Tim Harris, former Tulsa County District Attorney, and Patricia Harris, an Assistant United States Attorney for the Western District of Arkansas, held special appointments as Assistant United States Attorneys for the Northern District of Oklahoma, the appointments were part of the Department of Justice, within the Executive Branch of the federal government.  The undersigned is a United States District Judge and works within the Judicial Branch of the federal government. The Executive and Judicial Branches are separate.  The Assistant United States Attorneys do not "work for" the undersigned as alleged by Petitioner.  In addition, the undersigned has never had a law clerk named "Patricia Harris," as alleged by Petitioner.  Petitioner's claims are patently frivolous.

The Court finds that Petitioner fails to allege facts demonstrating that the undersigned holds any personal bias or prejudice against him.  Petitioner clearly disagrees with the Court's rulings

---

[1]Petitioner provides no support for his allegation that Tim Harris and Patricia Harris are married; they are not.

3

entered against him in this case.  However, as stated above,  adverse rulings "cannot in themselves form the appropriate grounds for disqualification."  Green, 969 F.2d at 919.  Furthermore, Petitioner is assured that his request for relief under Fed. R. Civ. P. 60(b), as discussed below, is denied, not because the undersigned is biased against him, but because Petitioner is not entitled to relief. Therefore, the Court finds that Petitioner's request for disqualification of the undersigned shall be denied.

Petitioner not only seeks recusal of the undersigned, but also of Gregory K. Frizzell, Chief Judge of the Northern District of Oklahoma.  Petitioner provides no factual allegations in support of his request for recusal of Judge Frizzell.  He merely alleges that Judge Frizzell "shares a judicial relationship and history with Eagan [and] should not be considered an alternate."  (Dkt. # 90 at 8). As Petitioner's request for recusal of the undersigned is denied, see above, there is no need to consider Judge Frizzell as an alternate.  For that reason, Petitioner's request for recusal of Judge Frizzell is denied as moot.

## B.  Motion for change of venue

In his motion for a change of venue, Petitioner requests "an independent Judge, be assigned free from judicial ties, **IN A VENUE FREE FROM** bias or prejudice towards Petitioner AND FREE FROM EX PARTE COMMUNICATIONS, UNCLEAN HANDS, BAD FAITH, BEHIND COLSED [sic] DOOR PROCEEDINGS PREJUDICING PETITIONER'S RIGHTS."  (Dkt. # 91 at 1).  Petitioner states that he "fears all the powers of darkness would be unleased [sic] against [him] in the Northern District obstructing [him] from obtaining the relief he has been denied over the past six years, with no end in sight."  Id. at 6.  Petitioner asks that his case be moved "to the Eastern or Western District in the State of Oklahoma."  Id.

Petitioner's request for a change of venue is based on his unsupported claim that the undersigned harbors bias or prejudice against him. As made clear above, that is simply not the case. For that reason, Petitioner's motion for a change of venue shall be denied.

## C. Motion for relief from judgment

In his habeas petition (Dkt. # 1), Petitioner challenged his conviction for First Degree Arson entered in Tulsa County District Court, Case No. CF-2007-1480. After careful review, the Court determined that Grounds I and II of the petition did not warrant habeas relief. See Dkt. # 57. The Court further found that Grounds III, IV and V were procedurally barred from the Court's review. Id. Petitioner appealed. On August 3, 2015, the Tenth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. See Dkt. # 86 (stating "we have examined the district court's comprehensive order, and we find no error").

In his motion for relief from judgment (Dkt. # 89), Petitioner challenges the Court's rulings resulting in the denial of his petition. He presents four arguments, as follows: (1) "the claim of bias and prejudice against Judge Eagan [voids] the dismissal orders of Jan. 5, 2015 and Jan. 27, 2015," (2) "the claim of fraud upon the federal court [voids] the dismissal orders of Jan. 5, 2015, and Jan. 27, 2015," (3) "[the] State's dual sovereign argument is fraud upon the federal court and [voids] the dismissal orders of Jan. 05, 2015, and 27th 2015," (4) "Petitioner's successive vendictive [sic] and malicious prosecution buy [sic] the State is null and void, ab initio, . . . Judge Eagan denied Kostich the very fundamental constitutional rights the law requires [and voids] [t]he dismissal orders of Jan. 5 and 27th, 2015." Id.

When a Rule 60(b) motion asserts or reasserts federal bases for relief from the underlying conviction, the motion is properly considered second or successive habeas corpus petition subject

to the restrictions imposed by 28 U.S.C. § 2244(b).  See Gonzalez v. Crosby, 545 U.S. 524, 530-31

(2005).  However, when a Rule 60(b) motion challenges a procedural aspect of the case, it is a "true"

Rule 60(b) motion, free from § 2244's requirements.  See id. at 533.  In Spitznas v. Boone, 464 F.3d

1213 (10th Cir. 2006), the Tenth Circuit provided guidance for applying the Gonzalez holding to

Rule 60(b) motions filed in habeas corpus cases, directing as follows:

> If the district court concludes that the motion is a true Rule 60(b) motion, it
> should rule on it as it would any other Rule 60(b) motion.  If, however, the district
> court concludes that the motion is actually a second or successive petition, it should
> refer the matter to this court for authorization under § 2244(b)(3).  See 28 U.S.C. §
> 1631 (authorizing transfer of civil action or appeal filed without jurisdiction, in the
> interest of justice, "to any other court in which the action or appeal could have been
> brought at the time it was filed or noticed"); Coleman v. United States, 106 F.3d 339,
> 341 (10th Cir. 1997) (per curiam).  In the case of a "mixed" motion – that is, a
> motion containing both true Rule 60(b) allegations and second or successive habeas
> claims – the district court should (1) address the merits of the true Rule 60(b)
> allegations as it would the allegations in any other Rule 60(b) motion, and (2)
> forward the second or successive claims to this court for authorization.

Spitznas, 464 F.3d at 1217.

Petitioner's Rule 60(b) motion is a "mixed" motion because it contains both true Rule 60(b)

allegations and second or successive habeas claims.  Therefore, pursuant to Spitznas, the Court shall

address the merits of the true Rule 60(b) allegations separately from the second or successive habeas

grounds.  Id.

As his first claim, Petitioner alleges that, because the undersigned is biased, the dismissal

orders entered against him are void.  See Dkt. # 89 at 7-9.  That claim does not assert, or reassert,

claims of error in Petitioner's state conviction and can be ruled upon as a "true" Rule 60(b) ground.

See Gonzalez, 545 U.S. at 538; see also Spitznas, 464 F.3d at 1216 (stating that an allegation

challenging "a defect in the integrity of the federal habeas proceeding" is a "true" Rule 60(b) claim).

However, as determined above, Petitioner fails to allege facts demonstrating that the undersigned

holds any personal bias or prejudice against him.  As a result, there is no basis for finding that the judgment entered in this case is void based on judicial bias.  Nor has Petitioner identified any other basis warranting relief from judgment under Fed. R. Civ. P. 60(b).  His request for relief from judgment under Fed. R. Civ. P. 60(b) shall be denied.

In claims 2, 3, and 4, Petitioner asserts or reasserts substantive habeas corpus claims.  See Dkt. # 89 at 9-19.  First, he claims that he is entitled to habeas corpus relief based because his state conviction allegedly violates the constitutional prohibition against Double Jeopardy and counsel provided ineffective assistance in failing to raise a double jeopardy argument.  Id. at 10-12.  Next, he argues that the undersigned and every other judge who has considered his case have all misapplied the "dual sovereign concept."  Id. at 13-15.  Lastly, he alleges that he has been denied "the very fundamental constitutional rights the law requires."  Id. at 15-18.  Although Petitioner attempts to circumvent the limitations on second or successive petitions by characterizing these claims as "fraud on the court," those claims assert substantive grounds for relief from his underlying conviction and constitute second or successive habeas claims filed without prior authorization from the Tenth Circuit.  See Gonzalez, 545 U.S. at 531-32 (finding that a motion for relief from judgment, seeking to advance one or more substantive claims, qualified as a "second or successive habeas petition").  As a result, this Court lacks jurisdiction to consider the claims.  Spitznas, 464 F.3d at 1217 n.5.  Petitioner is required to comply with the provisions of 28 U.S.C. § 2244(b) and must obtain prior authorization from the Tenth Circuit Court of Appeals before filing a second or successive petition in this district court.  28 U.S.C. § 2244(b).

The Tenth Circuit has determined that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court

7

may transfer the matter to this court if it determines it is in the interest of justice to do so under §
1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249,
1252 (10th Cir. 2008).  Citing Trujillo v. Williams, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006), the
appellate court stated that "[f]actors considered in deciding whether a transfer is in the interest of
justice include whether the claims would be time barred if filed anew in the proper forum, whether
the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on
the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."
Cline, 531 F.3d at 1251.  "Where there is no risk that a meritorious successive claim will be lost
absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the
interest of justice to transfer the matter to this court for authorization." Id. at 1252 (citing Phillips
v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (noting that it is a waste of judicial resources to require
the transfer of frivolous, time-barred cases)).

Upon review of the second or successive habeas claims raised in Petitioner's Rule 60(b)
motion, the Court notes that, in resolving Petitioner's appeal from this Court's denial of habeas
corpus relief, the Tenth Circuit endorsed this Court's resolution of Petitioner's claim of ineffective
assistance of counsel for failing to develop and present a double-jeopardy argument because the
double-jeopardy claim lacked merit under the "dual sovereignty doctrine." See Dkt. # 86 at 8.
Therefore, because the Tenth Circuit has already considered and rejected Petitioner's substantive
grounds for relief, there is no risk that a meritorious successive claim will be lost and it would be
a waste of judicial resources to transfer the claims to the Tenth Circuit for authorization. Petitioner's
substantive grounds for relief raised in claims 2, 3, and 4 shall be dismissed without prejudice for
lack of jurisdiction as second or successive habeas corpus claims filed without prior authorization.

**D.  Motion for evidentiary hearing**

Lastly, the Court finds Petitioner's motion for evidentiary hearing (Dkt. # 92) shall be denied.  Petitioner states that he requests "an evidentiary hearing to build and enlarge the record of factual basis of claims raised in his Rule 60 et. seq. motion and motion to recuse."  Id. at 1.  However, as determined above, Petitioner's motions for Rule 60 relief and to recuse are denied.  Therefore, the Court finds no basis for an evidentiary hearing.

### Certificate of Appealability

A petitioner is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion.  Spitznas, 464 F.3d at 1218.  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).  In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's ruling resulting in the denial of Petitioner's "true" Rule 60(b) claim for relief based on a claim of judicial bias is debatable or incorrect.  The record is devoid of any

authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.  A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.      Petitioner's "motion for Fed. R. Civ. P. Rule 60 et seq. relief" (Dkt. # 89) is a "mixed" Rule 60(b) motion, adjudicated as follows:

      a.      Rule 60(b) relief based on Petitioner's allegation of judicial bias is **denied**.

      b.      Petitioner's remaining claims are substantive challenges to the Court's prior rulings on his habeas corpus petition and are **dismissed without prejudice** for lack of jurisdiction as second or successive habeas claims filed without prior authorization from the Tenth Circuit Court of Appeals.

2.      Petitioner's "motion to recuse Judge Claire V. Eagan" (Dkt. # 90) is **denied**.

3.      Petitioner's alternative motion to recuse Judge Gregory K. Frizzell (Dkt. # 90) is **declared moot**.

4.      Petitioner's "motion for a 28 U.S.C. § 1404(a) change of venue due to extraordinary circumstances unique to this case" (Dkt. # 91) is **denied**.

5       Petitioner's "motion for evidentuary [sic] hearing considering the peculiar enormity requiring extraordinary riger [sic] in the interest of justice in this case" (Dkt. # 92) is **denied**.

6.      A certificate of appealability is **denied**.

**DATED** this 14th day of January, 2016.

_Claire V Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE